## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SLOCUMB LAW FIRM, LLC an Alabama limited liability company, | §<br>§<br>§<br>§ | Civil Action No. |
| **Plaintiff,** | §<br>§ | |
| v. | §<br>§ | |
| ZEKE ROESER, MORGAN WHITLOCK, KEVIN GRACIE, and ROESER & WHITLOCK LLP, | §<br>§<br>§<br>§ | |
| **Defendants.** | §<br>§<br>§ | |

<u>**PLAINTIFF SLOCUMB LAW FIRM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER**</u>

Rodney R. Sweetland, III
District of Columbia Bar No. 430586
Brandon M. Jordan
District of Columbia Bar No. 985986
McKool Smith, P.C.
1999 K Street NW
Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344
rsweetland@mckoolsmith.com


**ATTORNEYS FOR PLAINTIFF
SLOCUMB LAW FIRM, LLC**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS ................................................................................ 2

III. LEGAL AUTHORITY ....................................................................................... 5

    A.   This Court has Statutory Authority to Issue a Temporary
        Restraining Order. ........................................................................................ 5

    B.   Slocumb Law Meets the Standard for a Temporary Restraining
        Order. ............................................................................................................ 5

        1.   Slocumb Law Has a Strong Likelihood of Success on the
            Merits ................................................................................................ 6

            a)   Slocumb Law Will Succeed On Its Trade
                Secret Claim ........................................................................ 6

            b)   Slocumb Law Will Succeed On Its Fiduciary
                Duty Claim ......................................................................... 9

            c)   Slocumb Law Will Succeed On Its Tortious
                Interference Claim ........................................................... 10

        2.   Slocumb Law Will Be Irreparably Injured Unless A
            Temporary Restraining Order Is Granted. ................................. 11

        3.   The Balance Of The Equities Weighs In Favor of Granting
            A Temporary Restraining Order. ................................................ 13

        4.   The Public Interest Will Be Furthered By Granting A
            Temporary Restraining Order. ..................................................... 14

IV.  CERTIFICATION OF SERVICE UNDER LOCAL CIVIL RULE 65.1(a) .................... 15

V.   CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adler, Barish, Daniels, Levin & Creskoff v. Epstein,*
  393 A.2d 1175 (Pa. 1978).................................................................................10, 11, 15

*Alf v. Donley,*
  666 F. Supp. 2d 60 (D.D.C. 2009)...........................................................................13

*Attorney Grievance Commission v. Potter,*
  844 A.2d 367 (Md. 2004) .......................................................................................9, 10

*Bennett Enters. v. Domino's Pizza,*
  45 F.3d 493 (D.C. Cir. 1995)......................................................................................11

*Burke v. Lakin Law Firm,*
  2008 U.S. Dist. LEXIS 241 (S.D. Ill. Jan. 3, 2008) ................................................10

*Burlington N.R.R. Co. v. Dep't of Revenue,*
  934 F.2d 1064 (9th Cir. 1991) ...................................................................................11

*Cahn v. Antioch University,*
  482 A.2d 120 (D.C. 1984) ...........................................................................................9

*Chaplaincy of Full Gospel Churches,*
  454 F.3d at 297 ............................................................................................................6

*Davis v. Pension Benefit Guar. Corp.,*
  571 F.3d 1288 (D.C. Cir. 2009)...................................................................................6

*Doran v. Northmont Bd. of Educ.,*
  794 N.E.2d 760 (Ohio Ct. App. 2003)........................................................................11

*Fred Siegel Co. v. Arter & Hadden,*
  707 N.E.2d 853 (Ohio 1999) ...................................................................................7, 8

*Gordon v. Holder,*
  632 F.3d 722, 724, 394 U.S. App. D.C. 158 (D.C. Cir. 2011) ....................................5

*Hall v. Johnson,*
  599 F. Supp. 2d 1 (D.D.C. 2009)..................................................................................5

*Meehan v. Shaughnessy,*
  404 Mass. 419, 535 N.E.2d 1255 (Mass. 1989) .......................................................10

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Wertz,*
    298 F. Supp. 2d 27 (D.D.C. 2002) ................................................................. 14

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Zimmerman,*
    1996 U.S. Dist. Lexis 18270 (D. Kan. 1996) ...................................................... 7

*Morgan Stanley DW Inc. v. Rothe,*
    150 F. Supp. 2d 67 (D.D.C. 2001) ........................................................... passim

*Nat'l Mining Ass'n v. Jackson,*
    768 F. Supp. 2d 34 (D.D.C. 2011) ................................................................. 13

*Reeves v. Hanlon,*
    95 P.3d 513 (Cal. 2004) ................................................................................... 9

*United States v. One,*
    2011 U.S. Dist. LEXIS 66323 (D.D.C. June 22, 2011) ..................................... 13

*Winter v. Natural Res. Def. Council,*
    555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) ................................ 5

*World Duty Free Ams., Inc. v. Summers,*
    94 F. Supp. 2d 61 (D.D.C. 2000) ................................................................... 12

## STATUTES

D.C. Code § 36-401(2)(B) ................................................................................... 9

D.C. Code § 36-401(4) ........................................................................................ 7

D.C. Code § 36-402(a) ........................................................................................ 5

## OTHER AUTHORITIES

Bar Legal Ethics Committee, Opinion 273 (Sept. 17, 1997) ................................ 10

Local Rule 65.1(a) ......................................................................................... 1, 15

## I.  INTRODUCTION

This case is about three lawyers who misappropriated confidential client information from their law firm and, while they were still employed by that firm, set up a competing firm with the clients they poached from their employer.  Defendants notified their employer of their departure on Friday night of the Columbus Day weekend, leaving their employer scrambling to determine the nature and extent of its injuries over a holiday weekend.  This conduct necessitates the swift invocation of this Court's equitable power to contain the damage from their theft of confidential client information.

As set forth in the accompanying Motion for a Temporary Restraining Order, Plaintiff, Slocumb Law Firm, LLC ("Slocumb Law") pursuant to Local Rule 65.1(a) of the U.S. District Court for the District of Columbia, moves for a Temporary Restraining Order against Defendants Zeke Roeser, Morgan Whitlock, and Kevin Gracie.

Defendants were associated with Slocumb Law as recently as Friday, October 7, 2011. While associated with Slocumb Law, Defendants misappropriated confidential trade secret client information of Slocumb Law and used those trade secrets to establish a direct competitor, Roeser & Whitlock LLP.  Defendants have used and will continue to use this confidential information to poach clients from Slocumb Law, and the irreparable and actual loss of important business interests is at stake.  A temporary restraining order is the only remedy adequate to prevent the irreparable harm that will otherwise and inevitably follow if Defendants are permitted to continue using the confidential client information they misappropriated while employed at Slocumb Law.

Slocumb Law has a substantial likelihood of success on the merits, as client information constitutes a recognized trade secret of Slocumb Law.  Slocumb Law would suffer irreparable

1

injury if a temporary restraining order were not granted. Such an order would not substantially injure other interested parties and furthers the public interest.

For the reasons set forth below, this Court should issue a Temporary Restraining Order enjoining Defendants from continued misappropriation of Slocumb Law's confidential client information trade secrets.

## II. STATEMENT OF FACTS

Plaintiff, Slocumb Law Firm, LLC is a national law firm based in Auburn, Alabama with offices throughout the United States, including in the District of Columbia. (*See* Affidavit of Michael Slocumb, ¶ 3 ("Slocumb Decl.").) Michael Slocumb is the founder and senior partner of Slocumb Law Firm. (Slocumb Decl. ¶3). Slocumb Law Firm has successfully represented thousands of clients since its founding. (Slocumb Decl. ¶ 2).

Slocumb Law Firm develops business through a sophisticated multi-state advertising campaign requiring an investment of millions of dollars. (Slocumb Decl. ¶ 6). Associates are not responsible for and do not engage in business development. *(Id.)* When a client contacts Slocumb Law Firm, the firm evaluates the client's claims. *(Id.)* This evaluation is part of the confidential client information maintained as a trade secret by Slocumb Law Firm. (Slocumb Decl. ¶ 8). When a client is represented by Slocumb Law Firm, that client executes a retainer agreement with Slocumb Law Firm, not an individual attorney. (Slocumb Decl. ¶ 7).

The Slocumb Law Firm maintains client information including the identity, contact information and nature of the client's claims. (Slocumb Decl. ¶ 8). This information, which is protected by the attorney-client privilege, includes personal medical information and is held in the strictest confidence by the Slocumb Law Firm. *(Id.)* This client information is stored in electronic and paper files. *(Id.)* The electronic files are protected against unauthorized access

2

by unique user identification and passwords. *(Id.)* The paper files are maintained in lockable files in a locked office in a secure building with electronic card access restrictions. *(Id.)* Unless and until a case is filed on behalf of a client, this client information is maintained in secrecy and cannot be readily ascertained by competitors or the general public. *(Id.)* This client information comprises valuable trade secrets that include the terms of client retention agreements and can provide an economic advantage to competitors if disclosed or misappropriated. *Id.*

The Slocumb Law Firm had three associates in the District of Columbia office: Zeke Roeser, Morgan Whitlock, and Kevin Gracie. (Slocumb Decl. ¶ 4). These associates' responsibilities were largely restricted to administrative matters such as corresponding with insurance carriers. (Slocumb Decl. ¶ 5). These associates operated under the direct supervision of Michael Slocumb, who is responsible for all decisions regarding case developments. *(Id.)* It is only because they were employed as associates of Slocumb Law Firm, that these associates had access to the confidential client information. (Slocumb Decl. ¶ 10).

On the evening of Friday, October 7, 2011, Michael Slocumb received e-mail resignation notices from Zeke Roeser and Morgan Whitlock. (Slocumb Decl. ¶ 11). Understandably concerned, Michael Slocumb immediately contacted selected clients who were in direct communication with Zeke Roeser or Morgan Whitlock. (Slocumb Decl. ¶ 12). One of the clients contacted by Michael Slocumb confirmed that he had, in fact, been contacted and solicited by Morgan Whitlock. *(Id.)* At 1:30 AM on Saturday, October 8, 2011, Mr. Roeser e-mailed a letter to Michael Slocumb instructing him to have no further communications with that client. *(Id.)* Additional clients of Slocumb Law Firm who were in direct communication with Zeke Roeser or Morgan Whitlock have also terminated their representation. (Slocumb Decl. ¶ 13).

McKool 400700v1

On Saturday, October 8, 2011, Michael Slocumb received an e-mail resignation from Kevin Gracie. (Slocumb Decl. ¶ 14). Slocumb Law Firm clients who were in direct communication with Mr. Gracie have also terminated their representation. (Slocumb Decl. ¶ 15).

Zeke Roeser, Morgan Whitlock, and Kevin Gracie conspired to establish a competing law firm (Roeser & Whitlock, LLP) by using Slocumb Law Firm's confidential information while they were still employed by Slocumb Law Firm. (Slocumb Decl. ¶ 16). For example, Zeke Roeser arranged to meet with a Slocumb Law Firm client while he was an associate of Slocumb Law Firm. *(Id.)* The identity and details regarding the clients who terminated their relationship with the Slocumb Law Firm was not public information. (Slocumb Decl. ¶ 8). The only way Defendants Roeser, Whitlock and Gracie had access to this confidential trade secret information was through their employment by Slocumb Law Firm. (Slocumb Decl. ¶ 10).

On October 8, 2011, the Slocumb Law Firm instructed Defendants to cease and desist using the Slocumb Law Firm's confidential information. (Slocumb Decl. ¶ 17). However, Defendants have not done so. (Slocumb Decl. ¶ 18).

The Slocumb Law Firm has made substantial investments in its District of Columbia office, investing approximately $1.5 Million in the District of Columbia office in 2010 alone. (Slocumb Decl. ¶ 18). Defendants' misappropriation of Slocumb Law Firm's trade secrets has caused and will continue to cause irreparable harm to Slocumb Law Firm. Approximately 32 clients have terminated their relationship with Slocumb Law Firm in favor of being represented by Defendants. (Slocumb Decl. ¶ 18). The estimated recovery for each of these clients ranges from $2,500 to $1,000,000. *Id.* Defendants had access to confidential client information for

4

approximately 500 more Slocumb Law Firm clients and are continuing to use Slocumb Law Firm's confidential trade secrets to contact those clients. (Slocumb Decl. ¶¶18-19).

These clients will not receive the same level of representation that they received from Slocumb Law Firm if they are represented by Roeser & Whitlock. (Slocumb Decl. ¶ 20). While employed at Slocumb Law Firm, the Defendants operated under the direction and supervision of an experienced trial attorney. (Slocumb Decl. ¶ 5). None of Defendants has served as first chair in a trial, all of the Defendants were on notice regarding their performance, and at least one of the Defendants has been subject to three Bar complaints alleging client neglect. (Slocumb Decl. ¶ 20).

## III. LEGAL AUTHORITY

### A. This Court has Statutory Authority to Issue a Temporary Restraining Order.

The Uniform Trade Secrets Act expressly provides for injunctive relief to protect an employer's trade secrets from actual or threatened misappropriation.  D.C. Code § 36-402(a) ("Actual or threatened misappropriation may be enjoined.").

### B. Slocumb Law Meets the Standard for a Temporary Restraining Order.

In order to obtain a temporary restraining order, Slocumb Law "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Gordon v. Holder*, 632 F.3d 722, 724, 394 U.S. App. D.C. 158 (D.C. Cir. 2011); *Hall v. Johnson*, 599 F. Supp. 2d 1, 6 n.2 (D.D.C. 2009) ("[t]he same standard applies to both temporary restraining orders and to preliminary injunctions").

McKool 400700v1

As the moving party, Slocumb Law bears the burden of persuasion and must demonstrate, "by a clear showing," that the requested relief is warranted. *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297. "The four factors have typically been evaluated on a 'sliding scale.'" *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). Under this sliding scale, "[i]f the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Id.* at 1291-92. As discussed below, Slocumb Law has made a strong showing on all four factors and is entitled to preliminary injunctive relief, including an immediate temporary restraining order.

**1.    Slocumb Law Has a Strong Likelihood of Success on the Merits**

As set forth in the accompanying Complaint, Defendants' actions in misappropriating Slocumb Law's confidential client information establish multiple torts, including misappropriation of trade secrets, breach of fiduciary duty and tortious interference with economic advantage. Slocumb Law has a substantial likelihood of success on the merits for each claim.

a)    Slocumb Law Will Succeed On Its Trade Secret Claim

Slocumb Law will succeed on the merits with its claim for misappropriation of trade secrets. The client information improperly taken and used by Defendants constitutes a trade secret under D.C. law.

"Trade secret" is statutorily defined to mean:

> information . . . , that:
>
> (A) Derives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by, proper means by another who can obtain economic value from its disclosure or use; and

(B) Is the subject of reasonable efforts to maintain its secrecy.

D.C. Code § 36-401(4).

Slocumb Law's confidential client information meets these requirements.  Slocumb Law maintains its client information in confidence, restricting access to electronic data through the use of secure login information and passwords and maintaining paper copies of client information in secure locations. (Slocumb Decl. ¶ 9).  It does so for the most obvious of reasons.  Slocumb Law has spent millions of dollars soliciting and identifying clients with valuable claims. (Slocumb Decl. ¶ 6).  Before taking on new clients, Slocumb Law assesses whether their claims have substantial merit. *(Id.)*  There is no way for anyone who is not an employee of Slocumb Law to obtain the confidential client information developed for each client. (Slocumb Decl. ¶ 10).  These clients have not yet publicly filed claims. (Slocumb Decl. ¶ 8).  The terms of their retention of Slocumb Law are confidential.  *(Id.)*  Accordingly, the client information misappropriated by Defendants is valuable to Slocumb Law because it cannot be readily ascertained and stolen by a competitor. *(Id.)*

In similar circumstances, courts, including in this District, have found that a professional firm's customer lists constitute trade secrets. *See Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 76  (D.D.C. 2001) (customer list of financial services firm); *Fred Siegel Co. v. Arter & Hadden*, 707 N.E.2d 853, 862 (Ohio 1999) (law firm client list); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Zimmerman*, 1996 U.S. Dist. Lexis 18270, *2, 5 (D. Kan. 1996) (customer list of financial services firm).  Under the Uniform Trade Secrets Act, the Ohio Supreme Court has held that a lawyer's client list is protectable as a trade secret:

> Accordingly, we hold that . . . listings of names, addresses, or telephone numbers that have not been published or disseminated, or otherwise become a matter of general public knowledge, constitute trade secrets if the owner of the list has taken reasonable precautions to protect the secrecy of the listing to prevent it from

7

> being made available to persons other than those selected by the owner to have access to it in furtherance of the owner's purposes.

*Fred Siegel*, 707 N.E.2d at 862.

The Ohio Supreme Court emphasized that a law firm's client list not only meets the technical definition of a trade secret, but that it is the kind of information that should be protected by trade secret law from misappropriation by a firm's former employee:

> The extensive accumulation of [names and numbers] contained in the Siegel client list may well be shown at trial to represent the investment of Siegel time and effort over a long period….The purpose of Ohio's trade secret law is to maintain commercial ethics, encourage invention, and protect an employer's investments and proprietary information.  That purpose would be frustrated were we to except from trade secret status any knowledge or process based simply on the fact that the information at issue was capable of being independently replicated.

*Fred Siegel*, 707 N.E.2d at 863.

Defendants' use of Slocumb Law's client information constitutes actual misappropriation and their likely future, continued use constitutes threatened misappropriation. "Misappropriation" is statutorily defined to mean:

> Disclosure or use of a trade secret of another without express or implied consent by a person who:
>
> (i) Used improper means to acquire knowledge of the trade secret; or
>
> (ii) At the time of disclosure or use, knew or had reason to know that the trade secret was:
>
> (I) Derived from or through a person who had utilized improper means to acquire it;
>
> (II) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;
>
> (III) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use . . . .

D.C. Code § 36-401(2)(B).

Defendants have used Slocumb Law's client information to acquire clients for Defendants' new business. (Slocumb Decl. ¶ 18). Defendants acquired Slocumb Law's client information while they were employees of Slocumb Law, and thus "under circumstances giving rise to a duty to maintain its secrecy" and to "limit its use" to purposes benefitting Slocumb Law. (Slocumb Decl. ¶ 10). Additionally, Defendants used improper means to acquire knowledge of the trade secret by using Slocumb Law's confidential information without permission, both before and after departing Slocumb Law, to start the new business.

In similar circumstances, courts have found that a departing employee's use of a customer list to solicit customers for a new business constitutes misappropriation, including in the law firm context. *See Morgan Stanley*, 150 F. Supp. 2d at 76-78 (enjoining use of customer list of financial services firm); *Reeves v. Hanlon*, 95 P.3d 513, 522 (Cal. 2004) ("A violation of the UTSA occurs when an individual misappropriates a former employer's protected trade secret client list, for example, by using the list to solicit clients"); *Merrill Lynch*, 1996 U.S. Dist. Lexis 18270, at *2, 5 (copying and use of financial services firm's customer list to solicit as clients of new employer).

b)     Slocumb Law Will Succeed On Its Fiduciary Duty Claim

Slocumb Law will succeed on its claim for breach of fiduciary duty. The employee-employer relationship is fiduciary in nature and the "employee is bound to the exercise of the utmost good faith, loyalty, and honesty toward his principal or employer." *Cahn v. Antioch University*, 482 A.2d 120, 131-132 (D.C. 1984). An attorney, like any other employee, owes a fiduciary duty to his employer. In *Attorney Grievance Commission v. Potter*, 844 A.2d 367 (Md. 2004), the Maryland Court of Appeals explained that partners and associates alike owe to their

9

firms fiduciary duties. *Id.* at 382. *See also Burke v. Lakin Law Firm*, No. 07-cv-0076, 2008 U.S. Dist. LEXIS 241, *10 (S.D. Ill. Jan. 3, 2008) ("lawyers do owe fiduciary duties to their employers"). By conspiring to establish a competing business using confidential trade secrets they misappropriated while employed at the Slocumb Law Firm, (Slocumb Decl. ¶¶ 12 and 16), Defendants breached their fiduciary duties to Slocumb Law. *See, e.g.. Meehan v. Shaughnessy*, 404 Mass. 419, 535 N.E.2d 1255, 1265 (Mass. 1989) (An associate attorney occupying a position of trust and confidence owed and violated the same duty of loyalty to the partnership that the partners owed and violated when the associate and partners took improper and preemptive steps to remove cases in preparation for starting their own firm).

c)      Slocumb Law Will Succeed On Its Tortious Interference Claim

Slocumb Law will succeed on its claim for tortious interference with economic advantage. An attorney-employee of a law firm is bound not to interfere with that law firm's business relationships. The D.C. Bar Ethics Committee has explained that "activity going beyond neutrally informing a client of the lawyer's planned departure and new affiliation . . . may constitute tortious interference with the law firm's business relations." D.C. Bar Legal Ethics Committee, Opinion 273 (Sept. 17, 1997).

In proclaiming this rule, the Ethics Committee relied on a decision from the Pennsylvania Supreme Court, *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 393 A.2d 1175 (Pa. 1978). There, the law firm Adler Barish sought to enjoin several departing associates from their campaign of actively soliciting the firm's clients, by telephone, letter and in person. *Id.* at 1177-78. In affirming the trial court's grant of a temporary restraining order, the Pennsylvania Supreme Court emphasized that the departing associates' conduct "had an immediate impact upon Adler Barish," which was "prepared to continue to perform services for its clients and

10

therefore could anticipate receiving compensation for the value of its efforts." *Id.* at 1184. Further, "Adler Barish's fee agreements with clients were a source of anticipated revenue protected from outside interference." *Id.* at 1184-85.

The elements of a cause of action for tortious interference with economic advantage in the District of Columbia are essentially the same as those examined in the Adler Barish case. To prevail on its claim for tortious interference with economic advantage, Slocumb Law will be required to prove (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) intentional interference inducing or causing a breach of termination of the relationship or expectancy, and (4) resultant damage. *Bennett Enters. v. Domino's Pizza*, 45 F.3d 493, 499 (D.C. Cir. 1995). Slocumb Law has a substantial likelihood of success on the merits of its claim against Defendants for this tort, because their solicitation of the at-issue clients went far beyond neutrally informing the clients of Defendants' planned departure and formation of a new firm.

### 2.  Slocumb Law Will Be Irreparably Injured Unless A Temporary Restraining Order Is Granted.

Defendants' violation of the Uniform Trade Secrets Act establishes the necessary irreparable injury. Irreparable injury is presumed when a defendant is in violation of a statute providing for an injunctive remedy. *See Burlington N.R.R. Co. v. Dep't of Revenue*, 934 F.2d 1064, 1074 (9th Cir. 1991) ("The standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief."); *Doran v. Northmont Bd. of Educ.*, 794 N.E.2d 760, 764 (Ohio Ct. App. 2003) ("when a statute grants a specific injunctive remedy to an individual or to the state, the party requesting the injunction 'need not aver and show, as under ordinary rules in

11

equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law'").

Even without this presumption, Slocumb Law will be irreparably injured unless this Court issues a temporary restraining order. Slocumb Law has expended millions of dollars establishing a Washington D.C. office and the client base which supports it. (Slocumb Decl. ¶ 18). Defendants have already taken more than a dozen of Slocumb Law's clients through use of its confidential customer information, representing well over a million dollars in anticipated revenue. *(Id.)* In the absence of injunctive relief, Defendants could take dozens, if not hundreds, more. *(Id.)* If that occurs, it will take Slocum Law several years to rebuild its client base in the Washington metropolitan area. *See Morgan Stanley*, 150 F. Supp. at 77 (irreparable harm established by incalculable damages in absence of injunctive relief); *World Duty Free Ams., Inc. v. Summers*, 94 F. Supp. 2d 61, 67 (D.D.C. 2000) (plaintiff established irreparable harm where "economic loss would significantly damage its business above and beyond a simple diminution in profits…").

Slocumb Law will also suffer irreparable injury to their business reputation and customer goodwill without the requested injunctive relief. Slocumb Law's clients reasonably expect Slocumb Law and its employees to maintain the confidentiality of their information, and that trust will be irretrievably damaged if Defendants are permitted to continue exploiting that information for their own purposes. *See Morgan Stanley*, 150 F. Supp. at 77-78. Like the plaintiff in Morgan Stanley, Slocumb Law's business here "involves collecting extremely private and sensitive data" about its clients and providing services "based on that information. . . . If clients begin to feel that their personal information is not safe with the plaintiff, this development might well lead to a loss of trust and goodwill." *Id.*

12

The likelihood of irreparable harm is further enhanced by the likely financial condition of Defendants' newly-formed business venture and presumably limited capital resources. *See, e.g. Nat'l Mining Ass'n v. Jackson*, 768 F. Supp. 2d 34, 52-53 (D.D.C. 2011) (recognizing that recoverability of claimed losses is an element for consideration in the irreparable harm analysis).

### 3.      The Balance Of The Equities Weighs In Favor of Granting A Temporary Restraining Order.

As this Court recently explained in *Alf v. Donley*, 666 F. Supp. 2d 60, 71 (D.D.C. 2009), the balancing of the equities and the public's interest are "inextricably linked to the plaintiff's likelihood of success on the merits." When a plaintiff has shown a high likelihood of success on the merits, the balance of the equities naturally favors plaintiff over the law-breaking defendants. *See United States v. One*, No. 10-cv-1362, 2011 U.S. Dist. LEXIS 66323, at *18 (D.D.C. June 22, 2011) ("in view of the fact that plaintiff is likely to succeed on the merits, the Court finds that there is no strong interest in not granting the preliminary relief sought here. Indeed, the Court agrees that '"[t]here is no hardship to [defendants] in requiring them merely to follow the law - to refrain from making misrepresentations to consumers they contact."'").

Here, Plaintiff's likelihood of success on all of its claims establishes that the equities weigh heavily in favor of granting injunctive relief. As in *Morgan Stanley*, Defendants "have no equity" because they have misappropriated Slocumb Law's trade secrets, breached their fiduciary duty to Slocumb Law and have tortiously interfered with Slocumb Law's contractual relations. *Morgan Stanley*, 150 F. Supp. at 78-79.

Moreover, the conduct of Defendants violates commercial ethics and is reprehensible. They plotted against their employer while they were employees, solicited clients to leave their employer while they were employees and took confidential client lists and client information

13

when they departed Plaintiff's employ. This allowed Defendants to steal the clients that Plaintiff had developed at enormous expense rather than undertaking the hard work of building their own practice and finding their own clients or letting clients find them. Slocumb Law does not seek to prevent Defendants from practicing law, it only seeks to enjoin Defendants' misappropriation of trade secrets and other tortious activity.

### 4. The Public Interest Will Be Furthered By Granting A Temporary Restraining Order.

The public interest will be furthered by granting a temporary restraining order. Defendants have misappropriated confidential, trade secret information. They have violated fiduciary duties and tortiously interfered with economic advantage. It is in the public interest to stop this misconduct and protect statutory trade secrets. *See Morgan Stanley*, 150 F. Supp. 2d at 79 (enjoining misappropriation "serves the public interest in protecting trade-secret client lists"); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Wertz*, 298 F. Supp. 2d 27, 34-35 (D.D.C. 2002) ("public interest is served by protecting confidential business information and trade secrets, and enforcing valid contractual provisions, to which parties have voluntarily entered"). "The public has no interest in destroying contracts, rewarding theft, and encouraging unethical business behavior.'" *Id.*

Courts have recognized that the public interest is served by enjoining a lawyer's misappropriation of a former firm's client information. As was the case with the departing associates in *Adler Barish*, the Defendants' contacts with Slocumb Law's clients were only possible because Slocumb Law "trusted [Defendants] with the high responsibility of developing its clients' cases. From this position of trust and responsibility, [Defendants] were able to gain knowledge of the details, and status, of each case to which [Defendants] had been assigned."

14

*Adler, Barish*, 393 A.2d at 1185.   As in *Adler Barish*, the nature and circumstances of Defendants' departure, "unfairly prejudiced" Slocumb Law. *Id.* "No public interest is served in condoning use of confidential information which has these effects.   Clients too easily may suffer in the end." *Id.*

## IV. CERTIFICATION OF SERVICE UNDER LOCAL CIVIL RULE 65.1(a)

Counsel for Plaintiff, Slocumb Law, has provided actual notice of the time of making this application and copies of all pleadings and papers filed in this action to date by hand delivery to Defendant Roeser & Whitlock, LLP at 1325 G Street, NW, Suite 500, Washington, DC 20005 and electronic mail to zekeroeser@gmail.com, whitlock.morgan.a@gmail.com, and kevin.gracie@gmail.com.

## V. CONCLUSION

Plaintiff respectfully requests that this Court enjoin Defendants from any further use of Slocumb Law's confidential client information by ordering Defendants to immediately cease soliciting, contacting or calling upon any existing or prospective clients of Slocumb Law, to stop disclosing or utilizing Slocumb Law's confidential and proprietary information, and to return any and all confidential information taken from Slocumb Law.

Slocumb Law respectfully requests that this Court grant an oral hearing upon Plaintiff's Motion for a Temporary Restraining Order at the earliest possible date and time in view of the continuing irreparable harm to Plaintiff's business.

Dated:  October 12, 2011

Respectfully submitted,

**McKOOL SMITH P.C.**

By: _____
    Rodney R. Sweetland, III
    District of Columbia Bar No. 430586
    Brandon M. Jordan
    District of Columbia Bar No. 985986
    McKool Smith, P.C.
    1999 K Street NW
    Suite 600
    Washington, D.C. 20006
    Tel: (202) 370-8300
    Fax: (202) 370-8344
    rsweetland@mckoolsmith.com


**ATTORNEYS FOR PLAINTIFF
SLOCUMB LAW, LLC**

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF SLOCUMB LAW FIRM,**

**LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A**

**TEMPORARY RESTRAINING ORDER** was served as indicated, to the parties listed below,

this 12th day of October 2011:

| | |
|---|---|
| United States District Court for the District of Columbia Clerk's Office 333 Constitution Avenue, N.W. Washington D.C. 20001 **(VIA HAND FILING - 1 Original + 1 Copy)** | |

**Defendants**

| | |
|---|---|
| Zeke Roeser 1325 G Street, N.W., Suite 500 Washington, D.C. Email: zekeroeser@gmail.com **(VIA EMAIL & HAND DELIVERY)** | Kevin Gracie 1325 G Street, N.W., Suite 500 Washington, D.C. Email: kevin.gracie@gmail.com **(VIA EMAIL & HAND DELIVERY)** |
| Morgan Whitlock 1325 G Street, N.W., Suite 500 Washington, D.C. Email: whitlock.morgan.a@gmail.com **(VIA EMAIL & HAND DELIVERY)** | Roeser & Whitlock, LLC 1325 G Street, N.W., Suite 500 Washington, D.C. **(HAND DELIVERY)** |



Rodney R. Sweetland, III
McKool Smith P.C.
1999 K Street, N.W., Suite 600
Washington, DC  20006

*Counsel for Plaintiff*
*Slocumb Law Firm, LLC*