IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SLOCUMB LAW FIRM, LLC an<br>Alabama limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ZEKE ROESER, MORGAN<br>WHITLOCK, KEVIN GRACIE, and<br>ROESER & WHITLOCK LLP<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br><br>Jury Trial Requested |

**DECLARATION OF MICHAEL W. SLOCUMB IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER**

1.      My name is Michael W. Slocumb.  I am over the age of 18 years and have

personal knowledge of the matters set forth herein.

2.      I am admitted to practice law in the following states:  Alabama; Georgia; Illinois;

and the District of Columbia.  I am also admitted in the following United States district courts:

Middle District of Alabama; Northern District of Alabama; and Southern District of Alabama.  I

have never been disciplined by any disciplinary authority and I have never been sued for

malpractice.  I have represented thousands of clients, served as first chair trial counsel in

numerous jury trials, had multiple million-dollar recoveries in individual cases and grossed more

than $40 million for my clients in the last few years alone.

3.      I am the founder and senior partner of the Slocumb Law Firm, LLC, an Alabama

limited liability company. The Slocumb Law Firm has physical offices in the following

locations:  Auburn and Birmingham, Alabama; Washington, D.C.; Baltimore, Maryland; and

Chicago, Illinois.  The practice of the Slocumb Law Firm is limited to representing plaintiffs in personal injury cases on a contingency fee basis.

4.      I hired the individual defendants, Zeke Roeser (hired June 2009), Morgan Whitlock (hired November 2010) and Kevin Gracie (hired June 2011) to work in my firm's District of Columbia office (hereinafter the "individual defendants.").  There was no written employment agreement with the individual defendants.

5.      The duties of the individual defendants included administrative matters, such as collecting medical records from medical providers, corresponding with insurance carriers and obtaining further information from my firm's clients in matters that had not yet been filed.  I was the direct supervisor of the individual defendants while they were employed by my firm and I made all decisions regarding the developments in the cases.

6.      The duties of the individual defendants did not include business development. Business development for my firm is conducted by a sophisticated multi-state advertising campaign that has cost millions of dollars to solicit and identify clients with valuable claims, paid for by my firm.  Before taking on new clients my firm assesses whether or not the claims of a potential client have substantial merit and whether or not they will generate fees, and if so, approximately how much.  My firm's web site may be found at:  http://www.slocumblaw.com.

7.      None of the individual defendants had a direct attorney-client relationship with any of my firm's clients.  All retainer agreements were between my firm and the clients; not between the individual defendants and the clients.

8.      The identities, contact information and nature of my firm's clients' legal claims are not public (none of my firm's cases at issue in this litigation have been yet filed in a court). There is no way, thus, for anyone other than me, my firm and its employees to know the identity

2

of my firm's clients.   Indeed, this information is held in the strictest confidence both because of

the attorney-client privilege between my firm and its clients and because the claims involve

highly personal medical information. As my firm's prior work identifying similar clients has

generated millions of dollars in fees, other lawyers would like to know the clients that my firm

has agreed to represent so that the other lawyers could offer to represent my firm's clients and

obtain those fees, the time-consuming evaluation and preparation work being largely completed.

Accordingly, information concerning my firm's clients is highly valuable to my firm also

because it cannot be ascertained by a competitor.

9.      As a result of the highly confidential nature of this information, my firm operates,

among other things, an internal case tracking software called "Needles" to maintain the

confidentiality of the information.  The Needles software is password protected.  Access to my

firm's physical files requires passkeys to enter the building in the District of Columbia, the office

is locked and the physical files are contained in lockable file cabinets.

10.     Defendants' only means of obtaining information concerning the identities,

contact information and nature of my firm's clients' legal claims is through their employment by

my firm.

11.     In the evening of Friday, October 7, 2011, I received emails from Defendants

Roeser and Whitlock resigning their employment.  Attached hereto as Exhibits 1 and 2 are copies

of those emails.

12.     Suspicious of the timing of the resignations, I began contacting clients with high-

value cases after receiving the resignations on October 7.  One of those clients confirmed that he

had previously been solicited by Defendant Whitlock.  A redacted copy of that client's retainer

agreement is attached hereto as Exhibit 3.  At 1:30 am the next morning, Mr. Roeser emailed me

a letter instructing me to attempt no further contact with my client.  A copy of Mr. Roeser's letter is attached hereto as Exhibit 4.

13.  I subsequently received notice of termination of representation letters from my clients with whom Defendants Roeser and Whitlock had direct contact.  Attached as Exhibit 5 is a redacted copy of a representative termination letter.  Attached hereto as Exhibit 6 is the corresponding redacted retainer letter for that client who terminated me to be represented by Defendants.

14.  On October 8 I received an email from Defendant Gracie resigning his employment.  A copy of that letter is attached hereto as Exhibit 7.

15.  Shortly after receiving Mr. Gracie's resignation, I began receiving notice letters from my firm's clients that Mr. Gracie had been assigned to service.  Attached hereto as Exhibit 8 is the redacted notice letter from one such client, with the redacted retainer for that client attached as Exhibit 9.

16.  Upon investigation of the circumstances in this case I discovered information demonstrating that Defendants began contacting my firm's clients while still employed by my firm before they resigned and they had established their practice before they left my firm's employment.  Attached hereto as Exhibit 10 is a redacted "Needles" report on a telephone message for Defendant Roeser showing that he made contact with one of my firm's clients while still employed to meet with that client after business hours on the Friday of the Columbus Day holiday weekend.  Attached hereto as Exhibit 11 is the registration showing that the individuals reserved the domain name for Defendant Roeser & Whitlock eleven days before they resigned.

17.   On October 8, through counsel, I instructed the Defendants to cease and desist using my firm's confidential information.  A copy of that cease and desist letter is attached hereto as Exhibit 12.

18.  My firm has suffered and is continuing to suffer loss of clients as a result of Defendants' use of its confidential client information.  In 2010 alone, my firm invested approximately $1.5 million in its District of Columbia office.  To date, approximately 32 clients have terminated my firm's services in favor of being represented by Defendants.  The recovery from these clients is estimated by me to be from $2,500 to $1,000,000 each, and there are approximately 500 additional cases to which Defendants had access.

19.   There is no adequate remedy for my firm absent immediate action by this Court.  With each passing day Defendants continue to avail themselves of my firm's confidential information.  They have ignored my cease and desist notice.  As a trial judge knows, every case is unique, and the recovery for every individual plaintiff is determinant upon many factors, chief amongst which is the quality of the counsel.

20.   None of the individual defendants has ever served as first chair in a trial.  My firm's clients, thus, are being solicited by attorneys without the necessary experience to handle their cases.  Defendants Roeser and Whitlock were on notice of their poor performance with my firm.  Attached as Exhibits 13 and 14 are their performance evaluations.  Furthermore, Defendant Roeser has been the subject of three Bar Complaints with the District of Columbia Bar Counsel related to client neglect and I am concerned that any clients taken by Mr. Roeser will suffer because they will not have the benefit of supervision of their cases by a responsive attorney.  Because of the confidential nature of the Bar disciplinary process I cannot attach the Complaints, but am able to provide them to the Court for *in camera* inspection upon request.

21.     I do not believe that my firm's clients are being informed of the comparative merits of representation by inexperienced associates operating without supervision or direction versus remaining with a seasoned trial attorney.  Attached as Exhibit 15 is a copy of a redacted solicitation letter.  This letter misleadingly states that the individual defendant worked as the client's attorney when, in fact, the individuals being solicited were solely my clients.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 12, 2011

Michael W. Slocumb

**Michael W. Slocumb**

**From:**      Zeke Roeser [zekeroeser@gmail.com]
**Sent:**      Friday, October 07, 2011 7:01 PM
**To:**        mike@slocumblaw.com
**Subject:**   Happy trails

Mike,

It's been a highly educational and exciting two years at Slocumb Law Firm, but it's time for me to resign and try my hand at something else. I am grateful for the opportunity you offered me and always will be. I wish you and the firm the very best of luck in the future.

Sincerely,

Zeke

**Exhibit 1**

**Michael W. Slocumb**

| | |
|---|---|
| **From:** | Morgan Whitlock [whitlock.morgan.a@gmail.com] |
| **Sent:** | Friday, October 07, 2011 6:54 PM |
| **To:** | Mike@slocumblaw.com |
| **Subject:** | Resignation |

Mike:

I am writing to submit my official resignation, effective immediately, from the Slocumb Law Firm. I appreciate the opportunity but I think it's best if we go our separate ways.

Sincerely,

Morgan Whitlock

**Exhibit 2**

## ATTORNEY-CLIENT CONTINGENCY FEE CONTRACT

1    It is hereby agreed by and between SLOCUMB LAW FIRM, LLC, [hereinafter "Attorney"] and _____ [hereinafter "Client"], that Attorney will represent Client(s) in his/her/their claim for damages against _____ and others arising from personal injuries received in a motor vehicle accident which occurred on 5/24/11 ___

2.    **ATTORNEY'S FEES.** Client hereby agrees to pay Attorney Attorney's fees equal to forty percent (40%) 35% of the gross proceeds of any recovery. **NO RECOVERY—NO ATTORNEY'S FEES.** It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, Client will not owe Attorney and Attorney's fees.

3.    **CASE EXPENSES.** Attorney shall be reimbursed for any and all expenses incurred on Client's case assuming there is a recovery. Said expenses shall include but not be limited to long distance telephone calls, filing costs, investigative expenses, photo copy costs, travel expenses, including use of automobiles and private or commercial aircraft, court reporting expenses, and any other expenses incurred in representing Client regarding the claim referenced herein. Such costs and expenses shall be deducted from Client's percentage of any recover effected in this cause, after Attorney's fees have been deducted from the gross proceeds. Furthermore, if there is no recovery, Attorney agrees there will be no charge for said costs and expenses.

4.    **RIGHT TO WITHDRAW FROM REPRESENTATION.** If after investigating this matter, or at any stage in the litigation, Attorney determines that it wishes to withdraw from representation, Attorney may withdraw as counsel for Client after giving written notice to Client.

5.    **QUANTUM MERUIT.** In the event this agreement is terminated at the instance of Client, in that event Attorney shall be entitled to recover from Client all reasonable Attorney's fees and costs for the work performed to time of termination based upon the doctrine of quantum meruit. In the event Client terminates this agreement after Attorney has obtained an offer of settlement, Attorney shall be entitled to Attorney's fees as stated herein as applied to the last offer of settlement obtained by Client. In the event no settlement offer has been made, Attorney shall be compensated at an hourly rate of $350.00 for work performed from inception of the case until termination by Client.

6.    **AUTHORITY TO COMPROMISE/SETTLE CLAIM.** Attorney and Client both agree that the case may not be settled without the consent of Client and Attorney. Client hereby authorizes Attorney to negotiate Client's claim/case. Client further authorizes Attorney to negotiate, on behalf of Client, reductions in any subrogation claims, lien interests, hospital bills and other bills incurred by client.

7.    **ASSOCIATION OF COUNSEL.** Attorney may associate other counsel to assist in the prosecution of Client's claim so long as such association is disclosed to Client.

8.    **STRUCTURED SETTLEMENT.** Should Client's case be resolved through a structured settlement whereby defendant or its insurer makes a lump sum payment followed by periodic payments over a term of years or for the life of Client, the Attorney's fees shall be computed in accordance with the percentage agreed to herein, which shall then be applied either to the present cash value of the lump sum payment plus the present cash value of any such future benefits or to the cost to the defendant or the defendant's insurer(s) of all such payments, at the option of the Attorney.

9.    **NO GUARANTEES.** It is understood that Attorney has made no guarantees or representations whatsoever to Client as to what amount, if any, will be recovered as a result of Attorney's efforts.

10.    **RIGHT TO PRIVACY.** I understand that federal law (HIPAA) provides a right to privacy regarding my medical records. Because I have retained Attorney to handle my personal injury claim and due to the fact that my medical records are required in pursuit of said claim, I hereby authorize my Attorney to disclose any and all medical information they obtain pursuant to the authorization for release of medical records and information that I have executed.

11.    **LIMITED POWER OF ATTORNEY.** Client hereby grants Attorney a limited power of Attorney to endorse the Client's name to any checks or drafts received by Attorney in settlement of any and all claims pursued by Attorney on behalf of Client for placement of said funds into trust for Client's benefit.

12.    **CHANGES TO AGREEMENT MUST BE IN WRITING.** This Agreement and its terms set forth herein may not be changed except by written amendment.

Accepted by:
SLOCUMB LAW FIRM, LLC

BY: _____

Client: _____

**Exhibit 3**



Zeke J. Roeser
Admitted in DC and NJ

Morgan A. Whitlock
Admitted in MD and VA

# Roeser
# &Whitlock, LLP
### Personal Injury Attorneys

1325 G Street NW, Suite 500
Washington, DC 20005

Ph. 202.660.4070
Fx. 877.826.6132

October 8, 2011

*Sent via email and first class mail*

Michael W. Slocumb
Slocumb Law Firm, LLC
145 E. Magnolia Avenue, Suite 201
Auburn, AL 36830

Dear Mike,

Please see the attached letters from our clients,

It has come to our attention that you have contacted our clients on the evening of October 7, 2011 and asserted that we were terminated from Slocumb Law Firm when, as you know, we resigned voluntarily, as evidenced by the attached resignation letters. It has further come to our attention that you have asserted to our clients that we have violated ethical rules in our dealings with them. These assertions are themselves grave ethical violations.

We trust that upon receipt of these letters and future letters you will forebear from contacting our clients. Failure to do so will place you in violation of D.C. Rule of Professional Conduct 4.2(a), which prohibits communication with represented persons without those persons' attorney's consent. Moreover, it will constitute tortious interference with the contracts executed between our clients and Roeser & Whitlock, LLP.

Further, we trust that upon receipt of these letters that you will forebear from misrepresenting the nature of our departure or besmirching us as attorneys. Failure to do so will place you, and has placed you, in violation of D.C. Rule of Professional Responsibility 8.4(c), which prohibits "dishonesty, fraud, deceit or misrepresentation." Moreover, it will constitute defamation.

Be assured that we will protect our rights to the fullest in this and future matters. Govern yourself accordingly.

Thank you,

Morgan A. Whitlock

Zeke J. Roeser

cc:   David Bence
      Kevin Gracie
      Michael Bucchi

**Exhibit 4**

Date: October 7, 2011

<u>*Sent Via US Mail and Facsimile (888) 853-2247*</u>

Slocumb Law Firm
777 6th Street NW Ste. 200
Washington, DC 20001

To whom it may concern:

This letter is to inform you that I no longer need your services as my attorney for the car
accident I was involved in on ___June 3, 2011___. Please do not contact me any
further regarding this matter. Please prepare my file and mail it to the address below
within 5 days of receipt of this letter.

Sincerely,

_____
Name: D,

Address: _

Exhibit 5

## ATTORNEY-CLIENT CONTINGENCY FEE CONTRACT

1.     It is hereby agreed by and between **SLOCUMB LAW FIRM, LLC,** [hereinafter "Attorney"] and _
[hereinafter "Client"], that Attorney will represent Client(s) in his/her/their claim for damages against_____ and
others arising from personal injuries received in a motor vehicle accident which occurred **June 9, 2011.**

2.     **ATTORNEY'S FEES.** Client hereby agrees to pay Attorney Attorney's fees equal to **forty percent
(40%)** of the gross proceeds of any recovery. **NO RECOVERY—NO ATTORNEY'S FEES.** It is agreed and understood
that this employment is upon a contingent fee basis, and if no recovery is made, Client will not owe Attorney and Attorney's
fees.

3.     **CASE EXPENSES.** Attorney shall be reimbursed for any and all expenses incurred on Client's case
assuming there is a recovery. Said expenses shall include but not be limited to long distance telephone calls, filing costs,
investigative expenses, photo copy costs, travel expenses, including use of automobiles and private or commercial aircraft,
court reporting expenses, and any other expenses incurred in representing Client regarding the claim referenced herein. Such
costs and expenses shall be deducted from Client's percentage of any recover effected in this cause, after Attorney's fees
have been deducted from the gross proceeds. Furthermore, if there is no recovery, Attorney agrees there will be no charge for
said costs and expenses.

4.     **RIGHT TO WITHDRAW FROM REPRESENTATION.**  If after investigating this matter, or at any
stage in the litigation, Attorney determines that it wishes to withdraw from representation, Attorney may withdraw as counsel
for Client after giving written notice to Client.

5.     **QUANTUM MERUIT.** In the event this agreement is terminated at the instance of Client, in that event
Attorney shall be entitled to recover from Client all reasonable Attorney's fees and costs for the work performed to time of
termination based upon the doctrine of quantum meruit. In the event Client terminates this agreement after Attorney has
obtained an offer of settlement, Attorney shall be entitled to Attorney's fees as stated herein as applied to the last offer of
settlement obtained by Attorney. In the event no settlement offer has been made, Attorney shall be compensated at an hourly
rate of $350.00 for work performed from inception of the case until termination by Client.

6.     **AUTHORITY TO COMPROMISE/SETTLE CLAIM.** Attorney and Client both agree that the case may
not be settled without the consent of Client and Attorney. Client hereby authorizes Attorney to negotiate Client's claim/case.
Client further authorizes Attorney to negotiate, on behalf of Client, reductions in any subrogation claims, lien interests,
hospital bills and other bills incurred by client.

7.     **ASSOCIATION OF COUNSEL.** Attorney may associate other counsel to assist in the prosecution of
Client's claim so long as such association is disclosed to Client.

8.     **STRUCTURED SETTLEMENT.** Should Client's case be resolved through a structured settlement
whereby defendant or its insurer makes a lump sum payment followed by periodic payments over a term of years or for the
life of Client, the Attorney's fees shall be computed in accordance with the percentage agreed to herein, which shall then be
applied either to the present cash value of the lump sum payment plus the present cash value of any such future benefits or to
the cost to the defendant or the defendant's insurer(s) of all such payments, at the option of the Attorney.

9.     **NO GUARANTEES.** It is understood that Attorney has made no guarantees or representations whatsoever
to Client as to what amount, if any, will be recovered as a result of Attorney's efforts.

10.    **RIGHT TO PRIVACY.** I understand that federal law (HIPAA) provides a right to privacy regarding my
medical records. Because I have retained Attorney to handle my personal injury claim and due to the fact that my medical
records are required in pursuit of said claim, I hereby authorize my Attorney to disclose any and all medical information they
obtain pursuant to the authorization for release of medical records and information that I have executed.

11.    **LIMITED POWER OF ATTORNEY.** Client hereby grants Attorney a limited power of Attorney to
endorse the Client's name to any checks or drafts received by Attorney in settlement of any and all claims pursued by
Attorney on behalf of Client for placement of said funds into trust for Client's benefit.

*Exhibit 6*

12.     **CHANGES TO AGREEMENT MUST BE IN WRITING.** This Agreement and its terms set forth herein may not be changed except by written amendment.

Accepted by:                                    Client: _____

SLOCUMB LAW FIRM, LLC

BY: _____

## Michael W. Slocumb

**From:** Kevin Gracie [kevin.gracie@gmail.com]
**Sent:** Saturday, October 08, 2011 5:23 PM
**To:**   Michael W. Slocumb

Mr. Slocumb:

Although I appreciate the opportunity you gave me, I am resigning my employment with the
Slocumb Law Firm effective immediately (October 8, 2011).  If you wish to contact me you may
do so by e-mail.  Thank you and best of luck.

Sincerely,

Kevin B. Gracie

Exhibit 7

**Michael W. Slocumb**

**From:** Kevin Gracie [kevin.gracie@gmail.com]
**Sent:** Saturday, October 08, 2011 5:23 PM
**To:**   Michael W. Slocumb

Mr. Slocumb:

Although I appreciate the opportunity you gave me, I am resigning my employment with the
Slocumb Law Firm effective immediately (October 8, 2011).  If you wish to contact me you may
do so by e-mail.  Thank you and best of luck.

Sincerely,

Kevin B. Gracie

October 9, 2011

To Whom It May Concern:

      I am no longer in need of your firm's representation for my personal injury matter arising from a motor vehicle collision which occurred on _____. Please do not contact me as I have hired new counsel to pursue this matter. Immediately send a copy of my file to the address below. Thank you.

Address:

_____

_____

_____

Name:

_____

Signature:

X _____

Exhibit 8

## ATTORNEY-CLIENT CONTINGENCY FEE CONTRACT

1.　　It is hereby agreed by and between **SLOCUMB LAW FIRM, LLC**, [hereinafter "Attorney"] and _____ [hereinafter "Client"], that Attorney will represent Client(s) in his/her/their claim for damages against _____ and others arising from personal injuries received in a motor vehicle accident which occurred on __8|9|11__ .

2.　　**ATTORNEY'S FEES.** Client hereby agrees to pay Attorney Attorney's fees equal to forty percent (40%) of the gross proceeds of any recovery. **NO RECOVERY—NO ATTORNEY'S FEES.** It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, Client will not owe Attorney and Attorney's fees.

3.　　**CASE EXPENSES.** Attorney shall be reimbursed for any and all expenses incurred on Client's case assuming there is a recovery. Said expenses shall include but not be limited to long distance telephone calls, filing costs, investigative expenses, photo copy costs, travel expenses, including use of automobiles and private or commercial aircraft, court reporting expenses, and any other expenses incurred in representing Client regarding the claim referenced herein. Such costs and expenses shall be deducted from Client's percentage of any recover effected in this cause, after Attorney's fees have been deducted from the gross proceeds. Furthermore, if there is no recovery, Attorney agrees there will be no charge for said costs and expenses.

4.　　**RIGHT TO WITHDRAW FROM REPRESENTATION.** If after investigating this matter, or at any stage in the litigation, Attorney determines that it wishes to withdraw from representation, Attorney may withdraw as counsel for Client after giving written notice to Client.

5.　　**QUANTUM MERUIT.** In the event this agreement is terminated at the instance of Client, in that event Attorney shall be entitled to recover from Client all reasonable Attorney's fees and costs for the work performed to time of termination based upon the doctrine of quantum meruit. In the event Client terminates this agreement after Attorney has obtained an offer of settlement, Attorney shall be entitled to Attorney's fees as stated herein as applied to the last offer of settlement obtained by Attorney. In the event no settlement offer has been made, Attorney shall be compensated at an hourly rate of $350.00 for work performed from inception of the case until termination by Client.

6.　　**AUTHORITY TO COMPROMISE/SETTLE CLAIM.** Attorney and Client both agree that the case may not be settled without the consent of Client and Attorney. Client hereby authorizes Attorney to negotiate Client's claim/case. Client further authorizes Attorney to negotiate, on behalf of Client, reductions in any subrogation claims, lien interests, hospital bills and other bills incurred by client.

7.　　**ASSOCIATION OF COUNSEL.** Attorney may associate other counsel to assist in the prosecution of Client's claim so long as such association is disclosed to Client.

8.　　**STRUCTURED SETTLEMENT.** Should Client's case be resolved through a structured settlement whereby defendant or its insurer makes a lump sum payment followed by periodic payments over a term of years or for the life of Client, the Attorney's fees shall be computed in accordance with the percentage agreed to herein, which shall then be applied either to the present cash value of the lump sum payment plus the present cash value of any such future benefits or to the cost to the defendant or the defendant's insurer(s) of all such payments, at the option of the Attorney.

9.　　**NO GUARANTEES.** It is understood that Attorney has made no guarantees or representations whatsoever to Client as to what amount, if any, will be recovered as a result of Attorney's efforts.

10.　　**RIGHT TO PRIVACY.** I understand that federal law (HIPAA) provides a right to privacy regarding my medical records. Because I have retained Attorney to handle my personal injury claim and due to the fact that my medical records are required in pursuit of said claim, I hereby authorize my Attorney to disclose any and all medical information they obtain pursuant to the authorization for release of medical records and information that I have executed.

11.　　**LIMITED POWER OF ATTORNEY.** Client hereby grants Attorney a limited power of Attorney to endorse the Client's name to any checks or drafts received by Attorney in settlement of any and all claims pursued by Attorney on behalf of Client for placement of said funds into trust for Client's benefit.

12.　　**CHANGES TO AGREEMENT MUST BE IN WRITING.** This Agreement and its terms set forth herein may not be changed except by written amendment.


Accepted by:　　　　　　　　　　　　　　Client: _____
SLOCUMB LAW FIRM, LLC

BY: _____

**Exhibit 9**

| Case #: 202912  ( ) | Case Type: AUTO<br>Class: | DOC: 6/3/2011<br>Assigned: ZEKE | LIM Date: 11/28/2011<br>Date Opened: 6/11/2011 |
|---|---|---|---|

10/11/2011   08:34 AM

Page 1 of 1

## Case Note - Page 160 of 161

**Date:** 10/07/2011  05:42 PM   **Staff:** ANNA          **Topic:** Posted Message                    Case Status ☐

To: ZEKE
CC: SADIE
Taken By: ANNA
Date: 10/7/2011       Time: 04:42 pm
From:
Firm:
Phone: (301) 364-7121     Extension:
   Please Call

          said you were supposed to meet him at his house at 6:30 today, but he is not able to be there. I called your cell and left a message to let you know.

**Exhibit 10**

Username / Customer#    Password                    Forgot Password? | Create Account                    USD        empty

Deals of the Day                                                                    24/7 Sales & Support **(480) 505-8877**
                                                                                                      Hablamos Español

Our Commercials    Bob's Video Blog    Help & Forums                    WHOIS Domain Check

**Domains    Hosting    Email    Websites    Search Engines    SSL & Security    Resellers    Affiliates    Auctions    My Account**

## WHOIS search results for:
## RANDWLAW.COM
(Registered)

**Is this your domain?**
Add hosting, email and more.

**Want to buy this domain?**
Get it with our Domain Buy service.

The data contained in GoDaddy.com, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:
Domains by Proxy, Inc.

DomainsByProxy.com
15111 N. Hayden Rd., Ste 160, PMB 353
Scottsdale, Arizona 85260
United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: RANDWLAW.COM
Created on: 26-Sep-11
Expires on: 26-Sep-12
Last Updated on: 26-Sep-11

Administrative Contact:
Private, Registration RANDWLAW.COM@domainsbyproxy.com
Domains by Proxy, Inc.
DomainsByProxy.com
15111 N. Hayden Rd., Ste 160, PMB 353
Scottsdale, Arizona 85260
United States
(480) 624-2599 Fax -- (480) 624-2598

Technical Contact:
Private, Registration RANDWLAW.COM@domainsbyproxy.com
Domains by Proxy, Inc.
DomainsByProxy.com
15111 N. Hayden Rd., Ste 160, PMB 353
Scottsdale, Arizona 85260
United States
(480) 624-2599 Fax -- (480) 624-2598

Domain servers in listed order:
NS49.DOMAINCONTROL.COM
NS50.DOMAINCONTROL.COM

Registry Status: clientDeleteProhibited
Registry Status: clientRenewProhibited
Registry Status: clientTransferProhibited
Registry Status: clientUpdateProhibited

See Business Registration Listing

See Underlying Registry Data
Report Invalid Whois

## NameMatch Recommendations

GoDaddy.com NameMatch has found similar domain names related to your search.
Registering multiple domain names may help protect your online brand against internet
squatters who could try to buy up these names in the hopes of selling them to you at an
inflated price. It also enables you to capture more Web traffic, which you can then direct to
your primary domain.

**Domains available for new registration:**

| Alternate TLDs | | |
|---|---|---|
| randlaw.co | SAVE! | $17.99*/yr |
| randwlaw.info | SAVE! | $1.99*/yr |
| randwlaw.net | SAVE! | $9.99*/yr |
| randwlaw.org | SAVE! | $6.99*/yr |
| randwlaw.us | SAVE! | $3.99*/yr |
| randwlaw.ca | SAVE! | $8.99*/yr |
| randwlaw.mobi | SAVE! | $6.99*/yr |
| randwlaw.biz | SAVE! | $5.99*/yr |

| Similar Premium Domains | |
|---|---|
| LawCourse.org | $499.00* |
| LawCertificate.com | $1,549.00* |
| DepositionLaw.com | $499.00* |
| RandD.org | $5,288.00* |
| RandMotel.com | $2,488.00* |
| RandyAnn.com | $2,588.00* |

| Similar Domains | |
|---|---|
| randwlaws.com | $11.99*/yr |
| therandwlaw.com | $11.99*/yr |
| randwlawsite.com | $11.99*/yr |
| myrandwlaw.com | $11.99*/yr |
| randwlawonline.com | $11.99*/yr |
| newrandwlaw.com | $11.99*/yr |
| randwlawstore.com | $11.99*/yr |
| freerandwlaw.com | $11.99*/yr |

**Domains available at Go Daddy Auctions®:**

| | |
|---|---|
| carandboat.com<br>Ends on: 12/25/2011 12:00:00 AM PDT | $40,000.00* |
| carandpart.com<br>Ends on: 12/19/2011 12:00:00 AM PDT | $12,500.00* |
| coldbeerandhotwings.com<br>Ends on: 12/6/2011 12:00:00 AM PDT | $75.00* |
| businessrandd.com<br>Ends on: 11/28/2011 12:00:00 AM PDT | $75.00* |
| randallresort.com<br>Ends on: 11/11/2011 9:10:00 AM PDT | $1,549.00* |
| dorandiego.com<br>Ends on: 11/11/2011 12:00:00 AM PDT | $300.00* |

**Learn more about**

Private Registration

Business Registration

**Exhibit 11**

## Michael W. Slocumb

| | |
|---|---|
| **From:** | zekeroeser@gmail.com on behalf of Zeke Roeser [zeke@randwlaw.com] |
| **Sent:** | Sunday, October 09, 2011 2:43 AM |
| **To:** | Michael W. Slocumb; W. David Bence; Michael Bucchi |
| **Subject:** | Attorney termination letters |
| **Attachments:** | Termination Letters10092011_0000.pdf |

Please see the attached letters from our clients terminating the services of Slocumb Law Firm.



**Cory | Watson | Crowder | DeGaris**
## ATTORNEYS

F. Jerome Tapley
(205) 328-2200
(205) 324-7896 (fax)
jtapley@cwcd.com

October 8, 2011

Zeke J. Roeser (zekeroeser@gmail.com)
Morgan A. Whitlock (whitlock.morgan.a@gmail.com)
Roeser & Whitlock, LLP
1325 G Street NW, Suite 500
Washington, DC 20005

I am writing on behalf of my client, the Slocumb Law Firm, LLC.  I am in receipt of and have reviewed your correspondence of October 8, 2011.  As a preliminary matter, your reliance upon D.C. Rule of Professional Conduct 4.2(a) is misplaced.  While your simplistic reading of the rule is technically accurate, the implications of the rule are lost in the simplistic reading.  It is clear that the intent and purpose of the rule is to protect a person from communications b y a lawyers who represents an adverse party.  The communications by the Slocumb Law Firm, LLC to its clients are not impacted by this rule.  Comments 1 & 2 to the rule will be instructive to your full understanding of the rule.

Furthermore, while the entirety of your conduct with respect to the clients of the Slocumb Law Firm, LLC are not known at this time, the attachments to your correspondence give rise to the concern that you have engaged and may be engaging in the direct solicitation of the clients of the Slocumb Law Firm, LLC.  When you terminated your employment with the Slocumb Law Firm, LLC, you terminated your relationship with the clients of the firm.  Any future communication with the Firm's clients runs contrary to D.C. Rule of Professional Conduct 7.1.  Moreover, you have correctly identified that the conduct at issue gives rise to tortious interference; you have however failed to recognize that it is you communications with clients of the Slocumb Law Firm, LLC that is tortious.

Please be advised that the Slocumb Law Firm, LLC intends to protect its rights.  You are hereby notified that you should cease and desist any present of future contact or communications with any clients of the Slocumb Law Firm, LLC.  With respect to Devel Walley, Craig Custis and Dameon Johnson, it appears that you have already tortuously interfered.  At a minimum these clients are entitled to a full disclosure concerning your actions, the Slocumb Law Firm, LLC intends to make that disclosure.

Please let me know if you wish to discuss this matter further but in any event we will anticipate you're refraining from further contact with the clients of the Slocumb Law Firm, LLC.  Be additionally advised that you will soon be hearing from Scott Michael Speagle of Webster Henry Lyons White Bradwell & Black, P.C., concerning your conduct in Virginia and Maryland.

Very truly yours,

F. Jerome Tapley

**Exhibit 12**

## Michael W. Slocumb

| | |
|---|---|
| **From:** | Michael W. Slocumb [mike@slocumblaw.com] |
| **Sent:** | Monday, October 03, 2011 12:22 PM |
| **To:** | 'zroeser@slocumblaw.com' |

**Subject:** Performance Review

Zeke,

I have reviewed your performance for the month ending September 2011. You settled 20 cases and generated $59,900.00 in fee income. Your performance for the month of September falls below an acceptable level at Slocumb Law Firm, LLC. Ultimately, Slocumb Law Firm, LLC, like many firms and businesses, is a performance based organization. That is to say, our success or failure, is directly correlated to the performance of our employees.

With the foregoing in mind, it is imperative that your performance for the month of October and going forward improve exponentially. To that end, nothing less than $125,000.00 in fees generated will be considered acceptable for the month of October.

Please let me know if you should have any questions.

Slocumb Law Firm, LLC
777 6th Street, NW
Suite 200
Washington, DC 20001
(202) 737-4141
(334) 321-0131 Facsimile
www.slocumblaw.com

GENERAL NOTICE: Due to Presidential Executive Orders, the National Security Agency may read this email without warning, warrant, or notice. CONFIDENTIALITY NOTICE: This e-mail is confidential & protected under attorney-client privilege. It constitutes a communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 & is Privileged Confidential Information under the Code of Alabama 1975 § 34-3-20. Its disclosure is limited to the recipient intended by the sender. All contents & documents contained or attached are intended only for the intended recipient. If you are not the intended recipient, any dissemination, copying or other use of these documents is prohibited. If you have received this e-mail in error, please notify the sender.

**Exhibit 13**

# Michael W. Slocumb

**From:**    Michael W. Slocumb [mike@slocumblaw.com]
**Sent:**    Monday, October 03, 2011 12:24 PM
**To:**    'Morgan Whitlock'
**Subject:** Performance Review

Morgan,
I have reviewed your performance for the month ending September 2011. You settled 21 cases and generated $83,983.00 in fee income. Your performance for the month of September falls below an acceptable level at Slocumb Law Firm, LLC. Ultimately, Slocumb Law Firm, LLC, like many firms and businesses, is a performance based organization. That is to say, our success or failure, is directly correlated to the performance of our employees.

With the foregoing in mind, it is imperative that your performance for the month of October and going forward improve exponentially. To that end, nothing less than $150,000.00 in fees generated and 35 cases settled will be considered acceptable for the month of October.

Please let me know if you should have any questions.

Slocumb Law Firm, LLC
777 6th Street, NW
Suite 200
Washington, DC 20001
(202) 737-4141
(334) 321-0131 Facsimile
www.slocumblaw.com

GENERAL NOTICE: Due to Presidential Executive Orders, the National Security Agency may read this email without warning, warrant, or notice. CONFIDENTIALITY NOTICE: This e-mail is confidential & protected under attorney-client privilege. It constitutes a communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 & is Privileged Confidential Information under the Code of Alabama 1975 § 34-3-20. Its disclosure is limited to the recipient intended by the sender. All contents & documents contained or attached are intended only for the intended recipient. If you are not the intended recipient, any dissemination, copying or other use of these documents is prohibited. If you have received this e-mail in error, please notify the sender.



**Exhibit 14**



Zeke J. Roeser
Admitted in DC and NJ

Morgan A. Whitlock
Admitted in MD and VA

# Roeser
# &Whitlock, LLP
### Personal Injury Attorneys

1325 G Street NW, Suite 500
Washington, DC 20005

Ph. 202.660.4070
Fx. 877.826.6132

October 7, 2011

*Sent via first class mail*

Dear Ms.

   I am writing to inform you that I have left the Slocumb Law Firm.  The ethical rules that govern attorneys require that I notify you of my departure and inform you of your options with regard to your case.

   I have started a new firm with Morgan Whitlock, another attorney from the Slocumb Law Firm.  The new firm is called Roeser & Whitlock, LLP and our office is located in downtown Washington, DC.  I have enjoyed working as your attorney and getting to know you and your case, and I welcome the opportunity to continue to represent you.  If you so choose, the firm of Roeser & Whitlock, LLP will handle your case for a fee of one-third (33 1/3 %) of any award obtained.

   You have complete freedom to choose your attorney.  You may choose to have me continue to represent you in this matter.  You may also choose to remain at the Slocumb Law Firm and have a different attorney assigned to your case.  Finally, you may choose to seek other counsel entirely.

   Enclosed you will find a form to fill out and return.  You may return it in the enclosed self-addressed, stamped envelope, or fax it to (877) 826-6132.  Please initial on the line next to your preference.

   Please feel free to contact me at (202) 277-5135 with any questions regarding this letter or your personal injury case.  I can also be reached by email at zeke@randwlaw.com.  No matter which option you choose, it has been a pleasure to represent you.  I look forward to hearing from you.

Thank you,

Zeke J. Roeser

**Exhibit 15**